Katherine A. SILVEY and Elmer R.
Silvey, Plaintiffs,

v.

NIELSEN CORPORATION, an Oregon
corporation, and Leo Nielsen,
Defendants.

Katherine A. SILVEY and Elmer R.
Silvey, Plaintiffs,

v.

Ed ELMER and Thomas J. Patterson,
Defendants.

Katherine A. SILVEY and Elmer R.
Silvey, Plaintiffs,

v.

Floyd A. ARNESON, Defendants.

Civ. Nos. 68-594, 68-702, 69-41.

United States District Court,
D. Oregon.

Feb. 24, 1970.

Tooze, Powers, Kerr, Tooze & Peterson, Lamar Tooze, Jr., Eugene M. Eckelman, Buckhorn, Blore, Klarquist & Sparkman, Stephen W. Blore, Portland, Or., for plaintiffs.

Kolisch & Hartwell, J. Pierre Kolisch, M. H. Hartwell, Jr., Portland, Or., for defendants.

OPINION

ALFRED T. GOODWIN, District Judge:

Three patent infringement actions have been consolidated in this case for a threshold determination of the validity of the plaintiff's patent.

On October 31, 1967, United States Letters Patent No. 3,349,645 were issued to Elmer R. Silvey for an invention called a "Saw Chain Grinding Machine."

The defendants have presented two principal challenges to the validity of the Silvey patent: (1) that Silvey's subject matter in light of the prior art was obvious under 35 U.S.C. § 103; and (2) that even if Silvey's grinder satisfied the invention requirements of § 103, the claim was bad under 35 U.S.C. § 112 because of vagueness.

The evidence reveals a wide variety in the design of saw chain, but currently the two most popular designs are referred to in the trade as "chipper" chain and "chisel" chain. Chipper chain is relatively easy to sharpen with a round file, and accordingly is popular among weekend woodcutters and occasional users. Professional loggers, on the other hand, prefer chisel chain, which cuts more efficiently in heavy industrial use, but which is also much more difficult to keep sharp.

Competition among saw shops creates demand for an efficient and inexpensive grinding device to sharpen the chisel chains used in the logging industry. The plaintiff asserts that his machine is entitled to patent protection, and the three defendants assert that the patent is not valid.

The plaintiff's claim (paraphrased) called for the following elements:

A grinder for sharpening saw chains comprising:

(a) A base for the machine;

(b) A rotatable grinding wheel;

(c) Means for supporting a saw chain on the base and holding a cutter link in grinding position;

(d) Means for supporting and driving the grinding wheel on the base;

(e) Means for moving the grinding wheel and saw chain relative to each other to move the grinding wheel into the space in the cutter link without contacting the cutter element;

(f) Means for moving the grinding wheel and saw chain relative to each other in a direction generally longitudinally of the chain to move the cutter element into contact with the grinding wheel.

With the exception of paragraph (f), above, the plaintiff's claim describes any of a number of saw "gummers" or grinding devices in use prior to the date of his patent.

The difficulty with paragraph (f) is that it includes any mechanical design that could successfully bring the surface to be sharpened into contact laterally with the grinding surface. The three defendants, for example, all have designed machines that accomplish the movements described in paragraph (f) of the Silvey claim. Each machine is of a design substantially unlike that of Silvey's machine but fully described by Silvey's claim.

The purpose of the lateral movement of the chain and grinder described in paragraph (f) is to preserve the shape of the grinding surface, which must retain a pre-set bevel in order to grind chisel chain properly. All the machines described in the evidence accomplish that purpose. The Silvey machine appears to be an improvement over earlier machines, but an improvement is not necessarily an invention. Carborundum Company v. Wilbanks, Inc., 420 F.2d 43 (9th Cir., 1969).

Undisputed evidence reveals that a number of motordriven grinders were generally available and were being used to sharpen chisel chain long before Silvey applied for his patent. Silvey admits the existence of the prior art, but contends that his invention is new in that his is the first to bring the grinding wheel and the surface to be sharpened into contact on a horizontal plane after the wheel has been pre-positioned in the "gullet" of the chain in a vertical alignment with the surface to be ground. Silvey contends, in effect, that his is the only device which preserves the beveled edges of the grinding wheel. The evidence does not support this assertion.

In addition to oral testimony and documentary evidence on the question of the validity of Silvey's claim, the court observed demonstrations of various machines in a shop to which the parties stipulated the court might be taken on a "view." The view was valuable in helping the court to understand the testimonial and documentary evidence.

From the entire record, I am satisfied that at least one of the machines included within the prior art is described by the language of the Silvey claim, and that the claim is, accordingly, invalid.

The so-called "Acme" machine positions the chain by means of a device patented by J. McEwan in 1957 under No. 3,006,222. The manner in which the McEwan device brings the surface to be sharpened into contact with the grinding wheel differs from the manner in which Silvey's device operates. The McEwan device uses a channel on a wheel to hold the chain in position, and the operator rotates the wheel manually to present each surface in turn to be sharpened. In the Silvey machine, a lever action feeds the chain laterally along a horizontal plane. But the description of the technique of presentation in Silvey's claim describes the technique in McEwan's patent equally well.

Another device in the prior art, an early Nielsen grinder, arguably falls within the scope of Silvey's claim. In the Nielsen grinder, the lateral action results entirely from manual force applied by the operator. The device works because of "play" in the machine, rather than from a mechanism that had been designed into the machine for the purpose of regulating lateral movement. The resulting action in each machine, however, is substantially like that of the other.

I find the Silvey patent invalid as reading on the prior art. Accordingly, it is not necessary to pursue in detail the matter of vagueness. Vagueness does, however, provide an alternate ground for denying validity to Silvey's patent.

Judgment shall issue in favor of the defendants. Counsel for the defendants is directed to prepare and submit an appropriate form of judgment.

This opinion shall serve as findings of fact and conclusions of law under Fed.R.Civ.P. 52(a).